UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JONATHAN ARIAS,

           **Plaintiff,**

      v.

JANET NAPOLITANO, *et al.*

           **Defendants.**

Case No. 2:13-cv-248
JUDGE: EDMUND A. SARGUS JR.
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss of Defendant Rand Beers,[1]

Acting Secretary of the United States Department of Homeland Security. (Doc. No. 8). For the

reasons that follow, the Court **GRANTS** Defendant's Motion.

### I. BACKGROUND

In 2009, Plaintiff Jonathan Arias was hired by the United States Border Patrol ("USBP")

through the Federal Career Intern Program. His employment was conditional upon successful

completion of a two-year probationary period. On February 23, 2011, before Plaintiff's

probationary period was completed, the USBP terminated his employment based on alleged

deficient performance. Plaintiff posits that his performance was not deficient, and that instead,

he was terminated based upon racial discrimination.

On March 10, 2011, Plaintiff filed suit in federal court in the Northern District of Ohio

against the USBP based on the its termination of his internship. *See Arias v. Gallegos*, 3:11-cv-

00481-JZ ("*Arias I*"). In *Arias I*, Plaintiff filed a motion for a temporary restraining order

---

[1] Rand Beers has been automatically substituted as the defendant in this case because Janet Napolitano resigned her position. *See* Fed. R. Civ. P. 25(d).

("TRO") with his complaint, in which he sought reinstatement of his internship. The complaint included claims for breach of contract, detrimental reliance, and wrongful termination based on violation of public policy. Both the TRO and the complaint contained allegations of discrimination. Plaintiff indicated that the basis of the court's subject matter jurisdiction was 42 U.S.C. § 1981. The District Court dismissed the TRO, and Plaintiff later voluntarily dismissed the complaint.

On April 11, 2011, Plaintiff filed a formal administrative complaint with the USBP, which brought his discrimination claims before the Equal Employment Opportunity Commission ("EEOC"). After discovery concluded, the USBP filed a motion for a decision without a hearing, the administrative equivalent to a motion for summary judgment. Plaintiff withdrew his request for a hearing before the EEOC and requested a Final Agency Decision from the office responsible for issuing such decisions, the United States Department of Homeland Security's Civil Rights and Civil Liberties Office.

On September 7, 2011, in *Arias v. Gallegos*, Case No. 3:11-cv-01876-JGC ("*Arias II*"), Plaintiff re-filed the *Arias I* complaint in the same court in which he had originally filed it. Defendant filed a motion to dismiss and, before the Court ruled on that motion, Plaintiff filed a motion to voluntarily dismiss the action again, this time specifically requesting that it be dismissed with prejudice. In that motion, Plaintiff offered no basis for the requested dismissal with prejudice. The district court granted the motion on January 18, 2012 in an entry on the motion that indicated "Motion Granted. So Ordered."

On December 21, 2012, the Department of Homeland Security issued its Final Agency Decision. In that decision, the Department found that Plaintiff failed to prove that the USBP discriminated against him.

2

On March 18, 2013, Plaintiff filed this action ("*Arias III*"), alleging for the third time before a United States District Court that the termination of his internship with the USBP was a result of discrimination.  Plaintiff sets forth Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e et seq. as the basis for subject matter jurisdiction.

On September 26, 2013, Defendant filed its motion to dismiss the instant action, asserting that it is barred by the doctrine of *res judicata*.  That motion is ripe for review.

## II. STANDARD OF REVIEW

For a complaint to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Fed R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  For a claim to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The factual allegations contained in a complaint "must be enough to raise a right to relief above the speculative level…" *Twombly* at 555.  *Res Judicata* may be addressed on a motion to dismiss.  *Apseloff v. Family Dollar Stores, Inc.*, 1:06-CV-133, 2006 WL 1881283 (S.D. Ohio July 6, 2006) *aff'd*, 236 F. App'x 185 (6th Cir. 2007) (citing, *inter alia*, *Logan Farms v. HBH, Inc.*, 282 F. Supp.2d 776, 786 (S.D. Ohio 2003)).

## III. ANALYSIS

*Res judicata* stands for the dual purpose of promoting judicial economy and preventing re-litigation of the same issue with the same party or its privy.  *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979).  Once a matter falls under the doctrine of *res judicata*, the litigation ends and the parties are held to the result of that original final decision. *Federated*

3

*Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 401 (1981) (citing *Baldwin v. Traveling Men's Assn.,*
283 U.S. 522, 525 (1931)).   A claim is precluded under *res judicata* when these four elements
are met:

1.  A final decision on the merits by a court of competent jurisdiction;

2.  A subsequent action between the same parties or their "privies";

3.  An issue in the subsequent action which was litigated or which should have
    been litigated in the prior action; [and]

4.  An identity of the causes of action.

*Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir. 1995).

Plaintiff concedes that the second, third, and fourth elements of this test are met.  Plaintiff
maintains, however, that the first prong has not been established.  Plaintiff argues that the
Northern District of Ohio lacked subject matter jurisdiction over *Arias I* and *Arias II,* thereby
preventing it from issuing a "final decision on the merits by a court of competent jurisdiction."
Specifically, Plaintiff alleged 42 U.S.C. § 1981 as the basis for subject matter jurisdiction in
*Arias I* and *Arias II.* He now claims that that statute did not provide a proper basis of jurisdiction
against the United States or the USBP.  (Pl.'s Mem. in Opp. at 4) ("The Court had no jurisdiction
over 42 U.S.C. §1981(c) . . . .  Any suit against the United States or any of its agencies must be
based on a particular statute that waives the sovereign immunity of the government for the
particular type of claim made, and must follow the specific statutory regulations governing
recovery on such a claim.").  Plaintiff's argument is not well taken.

Plaintiff voluntarily dismissed both *Arias I* and *Arias II* under Federal Rule of Civil
Procedure 41.  That Rule provides that, "[u]nless the notice or stipulation [of dismissal] states
otherwise, the dismissal is without prejudice."  Fed. R. Civ. P. 41(a)(1)(B).  The Rule continues:

4

"But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." *Id*.

Consequently, when Plaintiff dismissed *Arias II* under Rule 41, it constituted an adjudication on the merits regardless of the whether Plaintiff indicated that he wished the dismissal to be one with prejudice. However, Plaintiff was unequivocal in his expression of his desire that *Arias II* be dismissed with prejudice by indicating that he was dismissing the action "with prejudice." A stipulated dismissal with prejudice "indisputably" represents "an adjudication on the merits." *Johnson v. UAW*, No. 83-1573, 1984 U.S. App. LEXIS 13490, *5 (6th Cir. 1984) ("the dismissal with prejudice in *Johnson I* indisputably represented an 'adjudication on the merits") (citing *Lawlor v. National Screen Service*, 349 U.S. 322, 327 (1954) ("judgment dismissing the previous suit 'with prejudice' bars a later suit on the same cause of action.")).

And, Plaintiff's argument related to subject matter jurisdiction does nothing to alter this conclusion. That is, Plaintiff asserts that the court's dismissal of *Arias II* is void because that court lacked subject matter jurisdiction over the case. However, it was Plaintiff's unilateral notice of voluntary dismissal of all claims with prejudice that acted as the legally operative fact of dismissal, not the court's subsequent order to the same effect. The Sixth Circuit explains that principal in *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538 (6th Cir. 2001). The *Warfield* plaintiff filed a case in district court against her deceased husband's employer and voluntarily dismissed the claim with prejudice out of fear that she would lose workers compensation benefits if she continued to proceed. A year later, the plaintiff tried to bring the claim again in federal court, arguing that she felt intimidated into dismissing the case. The district court held that her dismissal with prejudice was voluntary, and as such her case was

barred by the doctrine of *res judicata*. The plaintiff appealed to the Sixth Circuit, which indicated that "[a] voluntary dismissal with prejudice operates as a final adjudication on the merits and has a *res judicata* effect." *Id*. at 542 ("If Warfield's dismissal of AlliedSignal with prejudice was indeed voluntary, then the dismissal is final under Rule 41(a)(1)(i) and the case is over."). The court explained that the plaintiff's "unilateral notice was the legally operative act of dismissal pursuant to Rule 41(a)(1)(i), making the district court's subsequent order to the same effect superfluous." *Id* at 541.

As the district court's order in *Warfield* was superfluous, the Northern District of Ohio's order dismissing *Arias II* is similarly superfluous. As the *Warfield* court explained, the legally operative principle necessary to trigger *res judicata's* requirement of a "decision on the merits" was not the action by the court in the Northern District of Ohio, but *the plaintiff's* voluntary dismissal with prejudice. In the instant action, prior to bringing *Arias III*, Plaintiff dismissed *Arias II* with prejudice. Therefore, regardless of whether the Northern District Court of Ohio had subject matter jurisdiction, Plaintiff's voluntary dismissal with prejudice is the legally operative principle necessary to satisfy *res judicata's* requirement of a "final decision on the merits."

Moreover, the Court notes that in *Arias II* Plaintiff does not address, let alone concede, a failure of subject matter jurisdiction. Instead, Plaintiff provides no basis for his dismissal with prejudice except his one sentence request for dismissal with prejudice.

Therefore, the Court concludes that Plaintiff's dismissal with prejudice of *Arias II* constitutes a "final decision on the merits by a court of competent jurisdiction." Consequently, this action is barred by the doctrine of *res judicata*.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss.  (Doc. No. 8). The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

7-2-2014
**DATE**

EDMUND A. SARGUS JR.
**UNITED STATES DISTRICT JUDGE**

7